**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ALEMZEWD LAWGALET, | Plaintiff/Counterclaim-Defendant, |
| v. | Case No. 1:26-cv-02208-LMB-WBP |
| TESLA, INC., et al., | Defendants/Counterclaimants. |

# PLAINTIFF/COUNTERCLAIM-DEFENDANT ALEMZEWD LAWGALET'S OBJECTION TO ORDER DENYING HER MOTION TO DISMISS TESLA, INC.'S COUNTERCLAIM

Plaintiff/Counterclaim-Defendant Alemzewd Lawgalet, respectfully objects to the Order entered 11/20/2026 (ECF No. 37) denying her Motion to Dismiss Tesla, Inc.'s Counterclaim. Neither the oral ruling nor the written order explain the Court's rationale, such that Plaintiff makes the following objections. Plaintiff preserves each ground set forth in her Memorandum of Law in Support of her Motion to Dismiss, which she incorporates by reference, and states that the Order is erroneous and contrary to law for the reasons set forth in Briefing (ECF 32) following reasons. Plaintiff asked for a more specific rationale on the record which the Court declined to provide.

## FIRST OBJECTION – Conclusory Allegations

The Counterclaim pleads only conclusions. Tesla alleges that Plaintiff breached the Demo Drive Agreement by negligently losing control of the Vehicle, but it does not allege that she was speeding, distracted, impaired, violating any identified law, or disregarding any identified instruction. "Negligence cannot be presumed from the mere happening of an accident." *Weddle v. Draper*, 204 Va. 319, 322, 130 S.E.2d 462, 465 (1963). The Counterclaim fails to give Plaintiff notice of how she allegedly breached the Agreement or negligently operated the Vehicle.

## SECOND OBJECTION – Source of Duty Rule

The Counterclaim is a tort claim improperly pleaded as a breach of contract; its entire theory of breach rests on the allegation that Plaintiff operated the Vehicle negligently. Under Virginia's source-of-duty rule, the duty negligently breached must be a common-law duty rather than one existing solely because of the contract. *See Richmond Metro. Auth. v. McDevitt St. Bovis*, 256 Va. 553, 558 (1998). Plaintiff's duties to drive non-negligently, to refrain from damaging the property of others, and to return loaned property all exist independently of the Agreement. The

Agreement imposes no driving standard above ordinary negligence, and Tesla's contract label serves only to recover damages unavailable in tort, including attorney's fees, litigation expenses, and third-party damages.

**<u>THIRD OBJECTION – Liability Waivers are Void in Virginia</u>**

The Agreement is void as against Virginia public policy. Its loss-allocation language would make Plaintiff bear the Vehicle's loss even where Tesla's own conduct or the Vehicle's self-operation caused the collision, and nothing in the Agreement limits that liability for Tesla's own negligence or misconduct. The Supreme Court of Virginia has held that one party may not put the other "at the mercy of its own misconduct" because '[p]ublic policy forbids it, and contracts against public policy are void.'" *Johnson's Adm'x v. Richmond & D. R. Co.*, 86 Va. 975, 978, 11 S.E. 829, 829 (1890); *see Hiett v. Lake Barcroft Cmty. Ass'n*, 244 Va. 191, 194-95, 418 S.E.2d 894, 896 (1992).

**<u>FOURTH OBJECTION – The Contract is Unconscionable</u>**

The Agreement is unconscionable. It is a take-it-or-leave-it contract of adhesion on Tesla letterhead, required as a condition of the test drive, between a large corporation and an unrepresented consumer. *See Fries v. Myers & Fitness Int'l, LLC*, 106 Va. Cir. 335, 342 (Fairfax Cir. Ct. 2020). Substantively, it makes Plaintiff liable for third-party acts, theft, and weather damage beyond her control, without excepting Tesla's own acts or omissions, and Tesla concedes in Paragraph 24 of the Counterclaim that the Agreement imposes liability "without regard to fault." Such terms are "so one-sided that [they lack] basic contract precepts of mutuality and fairness." *See Elizalde v. AIMCO Maple Bay, LLC*, No. 2:16-cv-00521 (E.D. Va. Feb. 8, 2017).

**<u>FIFTH OBJECTION – The Agreement Undermines Establish Virginia Law</u>**

Tesla's no-fault theory would displace Virginia's duty, breach, causation, and contributory negligence principles with a contractual strict-liability scheme that no Virginia authority has sanctioned. Because the Agreement contains no severability or reformation clause, the Court cannot rewrite the offending provisions to salvage the claim. *See Lasership, Inc. v. Watson*, 79 Va. Cir. 205, 216 (Va. Cir. Ct., Fairfax 2009). Nor may Tesla repurpose other provisions to recreate the void indemnity. *See Hensel Phelps Constr. Co. v. Thompson Masonry Contr., Inc.*, 292 Va. 695 (2016).

**SIXTH OBJECTION – Attorney's Fees Not Recoverable**

The Agreement does not authorize the attorney's fees Tesla seeks. The fee reference appears only parenthetically within an indemnity for claims against Tesla; there is no prevailing-party clause and no provision for fees Tesla incurs suing Plaintiff.

WHEREFORE, Plaintiff respectfully notifies this Court of her objections as noted above and preserves these objections for appeal

/s/ Tara L. Umbrino
Tara L. Umbrino, VSB 85825
Valor Injury Law
13895 Hedgewood Drive, Suite 341
Woodbridge, VA 22193
P: 703 828 0051 | F: 703 263 8001
E: tara@valorinjurylaw.com

Michael Turiello, Esq. (VSB No. 98884)
SKEEN LAW OFFICES
258 E. High Street
Charlottesville, VA 22902
Office: 434-293-9664
Email: mturiello@skeenlaw.com
Co-Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for Defendant Tesla, Inc.:

S. Mohsin Reza, Esq.
Magdalene A. Eallonardo, Esq.
Sydney Williamson, Esq.
Robert Brady Herman, Esq.
Greenberg Traurig, LLP
1750 Tysons Blvd., Suite 1000
McLean, VA 22102.

/s/ Tara L. Umbrino
Tara L. Umbrino